MORRIS LAW GROUP
Steve Morris, Bar No. 1543
Email: sm@morrislawgroup.com
Rosa Solis-Rainey, Bar No. 7921
Email: rsr@morrislawgroup.com
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 474-9400
Facsimile: (702) 474-9422

Attorneys for Defendants
Las Vegas Review Journal, Inc.
and Carri Geer Thevenot

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| HERBERT MOREIRA-BROWN, | ) Case No. 2:16-cv-02002-JAD-NJK |
| | ) |
| Plaintiff, | ) **LAS VEGAS REVIEW JOURNAL,** |
| | ) **INC. AND CARRI GEER** |
| v. | ) **THEVENOT'S MOTION TO** |
| | ) **DISMISS UNDER NRS 41.637** |
| LAS VEGAS REVIEW JOURNAL, | ) **(ANTI-SLAPP) AND FED. R. CIV.** |
| INC., CARRI GEER THEVENOT, | ) **P. 12(b)(6)** |
| APRIL ADEMILUYI, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Defendants Las Vegas Review-Journal, Inc. ("LVRJI") and Carri Geer Thevenot ("Ms. Thevenot") respectfully move the Court to dismiss all claims against them, with prejudice. Plaintiff's claims against LVRJI and Ms. Thevenot fail as a matter of law because they are barred under Nevada's anti-SLAPP statute, protected by the common law fair reporting privilege, and, as to LVRJI, fail to state a claim against this defendant because it was not the publisher of the Las Vegas *Review-Journal* newspaper when the allegedly defamatory article that is the subject of this lawsuit was published on August 24, 2014.

This Motion is based on the points and authorities that follow, together with any exhibits, declarations, and other papers on file with the Court, and any argument permitted by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LVRJI AND MS. THEVENOT'S MOTION TO DISMISS

### I.    INTRODUCTION

Plaintiff's asserts three claims against Defendants LVRJI and Ms. Thevenot. The claims are based on an allegedly defamatory news article written by Ms. Thevenot and published in the Las Vegas *Review-Journal* (the "RJ")[1] on August 24, 2014 ("Article"), attached hereto as Exhibit A. The Article was based on publicly available news reports and court filings that named the plaintiff, a New York lawyer, as a participant with a local lawyer in an alleged drugging and sexual assault of two women at a legal conference in 2012. The Article also reported another publicly available fact from other news sources: that the plaintiff had been accused of sexual

---

**[1]  The RJ was not owned or operated by Defendant LVRJI during any of the times relevant to plaintiff's complaint.  *See* Exhibit B hereto, the declaration of Stephen O'Connor ("O'Connor Decl.").  LVRJI is therefore not a proper defendant in this case under any circumstances and should be dismissed.**

2

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

misconduct several years earlier when he was campaigning in New York for a seat in the U.S. House of Representatives.

This lawsuit is clearly an attack on the *Review-Journal* newspaper and its reporter's right to report on matters of public interest and concern. The free and open communication of matters of public concern by the press is an area of speech that is entitled to special protection. The RJ and Ms. Thevenot, its reporter in August 2104, are immune from liability for publication of the Article under Nevada's anti-SLAPP statute, NRS 41.637.

Plaintiff's claims cannot be salvaged by amendment.  Defendants LVRJI and Ms. Thevenot notified the plaintiff of the fatal defects in his complaint and requested him to voluntarily dismiss it to avoid having to file this Motion, but he did not respond to their request.  A copy of the letter to the plaintiff dated October 26, 2016 is attached as Exhibit C.  The "basic deficiency" of plaintiff's complaint warrants dismissal "at the point of minimum expenditure of time and money by the parties and the court," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557-58 (2007), which is now.

## II.    LEGAL STANDARD

The use of a legal action to chill freedom of speech, particularly speech that addresses matters of public concern, is prohibited by anti-SLAPP statutes throughout the country.  They protect citizens from having their constitutional freedom of speech impaired by distracting, expensive litigation.  Nevada, like other states, provides "SLAPP targets with an early opportunity to invoke immunity for their legitimate petitioning activity, thereby facilitating the swift and efficient dismissal of many SLAPP claims." Colin Quinlan, *Erie and the First Amendment:  State Anti-SLAPP Laws in Federal Court After Shady Grove*, 114 Colum. L. Rev. 367 (2014); *see* NRS 41.637 (establishing framework for special motions to dismiss); NRS 41.660 (providing immunity from liability for reporting on judicial or other

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

governmental action).  Nevada's anti-SLAPP statute protects not only speech in furtherance of the right to petition, but also the "right to free speech in direct connection with an issue of public concern."  NRS 41.637.

In a special anti-SLAPP motion to dismiss, such as this Motion, defendants may submit evidence to determine whether the complaint attacks "the right to free speech in direct connection with an issue of public concern."  NRS 41.637.  Thus, the Court may consider the evidence presented herein without converting this motion to dismiss into one for summary judgment.

To  survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a plaintiff must plead a plausible theory of liability supported by non-conclusory allegations.  *Twombly*, 550 U.S. at 555-56.  A claim is plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court "is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences."  *Godino v. Countrywide*, 2:11-CV-1216 JCM (PAL), 2011 WL 6131602, at *2 (D. Nev. Dec. 8, 2011) (Mahan, J.) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

"[B]are assertions amounting to nothing more than a formulaic recitation of the elements of a claim are not entitled to an assumption of truth."  *Braaten v. Newmont USA Ltd.*, 3:15-CV-00174-LRH-WGC, 2015 U.S. Dist. LEXIS 106071, at *4 (D. Nev. Aug. 10, 2015) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citations, ellipses, and internal quotes omitted)).  A Court should not credit allegations that are merely legal conclusions or that are contradicted either by statements in the complaint, documents upon which the complaint relies or matters subject to judicial notice.  *Saldana v. Occidental Petroleum Corp.*, 775 F.3d 544, 551 (9th Cir. 2014);

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

4

1 | *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 607 (D. Nev. 2011)

2 | (dismissing complaint because it was "vague, conclusory and

3 | contradictory").

4 |      Dismissal with prejudice is warranted where, as here, granting

5 | leave to amend would be futile because the moving defendants are

6 | immunized from liability for the Article, as they demonstrate below.  *See*

7 | *Noel v. Hall*, 336 F. App'x 592, 594 (9th Cir. 2009); *see also Toromanova v. Wells*

8 | *Fargo Bank, N.A.*, No. 2:12–CV–00328–GMN–CWH, 2013 WL 1314974, at *4-5

9 | (D. Nev. Mar. 28, 2013) (dismissing claims with prejudice where they failed

10 | as a matter of law and amendment would be futile).

## III.   SUMMARY OF ARGUMENT

12 |      All of plaintiff's claims against  LVRJI and Ms. Thevenot are

13 | based on the reporting and publication of a news article reporting on the

14 | State Bar of Nevada's investigation of a number of grievances against David

15 | Phillips, a local attorney, that included review of a complaint filed on

16 | February 6, 2014 in the U.S. District of Maryland against Mr. Phillips for

17 | alleged acts of sexual battery and related offenses.  *See Ex. A.*  The Article

18 | quotes from the publicly filed federal complaint in Maryland in which

19 | plaintiff here is named as a participant with Phillips in the drugging of two

20 | women and of sexually assaulting one of the women.  *Id.*  It cannot be

21 | reasonably—or plausibly—disputed that this news Article reported on

22 | events of public concern that were subjects of judicial or "other official"

23 | proceedings authorized by law.  NRS 41.637 (establishing the mechanism for

24 | this special motion to dismiss); *see also* NRS 41.660 (providing immunity

25 | from liability for such communications).

26 |      Dismissal is also appropriate because the Article written by

27 | Ms. Thevenot and the republication of allegations in pleadings and

28 | information derived from legal proceedings are also specifically protected

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

by Nevada's "fair report privilege." *Sahara Gaming v. Culinary Workers*, 115 Nev. 212, 984 P.2d 164 (1999). The fair report privilege protects "fair, accurate and impartial reports" of official proceedings. *Lubin v. Kunin*, 117 Nev. 107, 17 P.3d 422, 427-428 (2001). The complaint in this case does not allege, much less does it show, that the Article does not faithfully report on official proceedings.

Finally, dismissal is also appropriate because plaintiff's three tort claims against LVRJI fail as a matter of law because, as the declaration of Stephen O'Connor shows, LVRJI did not publish the *Review-Journal* in 2014. It became the publisher of the newspaper in December 2015. But even if LVRJI were the publisher of the Article in question that would not shield this complaint from dismissal. The publisher of the RJ in 2014 would be immune from suit under Nevada's anti-SLAPP statute and under the fair reporting privilege that Nevada's common law confers on the publishers of newspapers.

This complaint should be dismissed without leave to amend because no amount of amendment and repleading could resuscitate the plaintiff's stillborn claims. It should therefore be dismissed with prejudice.

## IV. ARGUMENT

### A. Plaintiff's claims are barred by Nevada's anti-SLAPP Statute.

The Article reported numerous grievances and serious allegations against attorney, David Phillips, being considered by the Nevada State Bar. *See* Ex. A. The Article also discussed serious allegations made in the complaint then pending against Phillips in a U.S. District Court in Maryland in which plaintiff Herbert Moreira-Brown is named as having participated with Phillips in the drugging of two women and of sexually assaulting one of the women. Attached hereto as Exhibit D, is a copy of the

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

Complaint filed in the Maryland federal district court on 02/06/14[2], which is public information.  *See* pages 2, 5, and 9 for specific references to Mr. Moreira-Brown.  These allegations were relevant to the subject of the Article, which was about the mounting legal problems confronting Phillips and his status as a Nevada lawyer.

Attorneys are officers of the Court.  It cannot be reasonably disputed that a news article discussing serious allegations of misconduct in a federal lawsuit against a lawyer already facing multiple unrelated State Bar grievance constitute issues of public concern.  It certainly cannot be disputed that the issues raised by the Article were ones under consideration in a judicial or other proceeding authorized by law.  NRS 41.637.  There is no evidence or plausible allegation that the Article was published for any reason other than its news value.  Under these circumstances, the Article is protected reporting that Nevada's anti-SLAPP statute immunizes against defamation claims.  NRS 41.660.

Immunity under the anti-SLAPP statute comports with both the United States and Nevada Constitutions, which protect the right to free speech.  U.S. Const., 1st Am.; Nev. Const. art. 1 § 9.  They support anti-SLAPP statutes that recognize speech on matters of public concern is entitled to "special protection."  *Snyder v. Phelps*, 562 U.S. 443, 452 (2011) (quoting *Connick v. Myers*, 461 U.S. 138, 145 (1983)).  Nevada codifies these special protections in Chapter 41 of the Nevada Revised Statutes.  *See* NRS 41.635, et seq, the Nevada anti-SLAPP statute.  NRS 41.637 defines speech involving "Good faith communication in furtherance of the right to petition

---

[2] The Complaint, on file in this Court as Case No. 2:14-cv-00507-MMD-CWH, bears this date.  The Docket says the complaint was transferred to this district on April 3, 2014.

or the right to free speech in direct connection with an issue of public

concern," in relevant part, as follows:

> 3. ***Written or oral statement made in direct connection with an issue under consideration by a*** legislative, executive or ***judicial body***, or any other official proceeding authorized by law; or

> 4. ***Communication made in direct connection with an issue of public interest*** in a place open to the public or ***in a public forum***, which is truthful or is made without knowledge of its falsehood

(emphasis added). Moreover, "[a] person who engages in a good faith

communication . . . in direct communication with an issue of public concern

is immune from any civil action for claims based upon the communication."

NRS 41.650.

      The Article plaintiff complains about discusses a local attorney

with numerous pending grievances being considered by the State Bar of

Nevada. The State Bar of Nevada is tasked with authority to discipline

attorneys. NRS 2.120 (Supreme Court has authority to establish rules to

regulate legal profession), Nev. Sup. Ct. R. 103 (State Bar of Nevada

disciplinary panels have authority to conduct hearings). Bar disciplinary

proceedings are "authorized by law" and thus satisfy NRS 41.637 because

lawyer discipline is an issue of public concern.

      The Article's description of the serious allegations against

Mr. Phillips and the plaintiff were taken directly from the Maryland federal

complaint and the related investigation. *See* Ex. A ("In court papers, . . .

describes a party where . . . ."; "The . . . investigation report, quotes a woman

. . . "). Ms. Thevenot's good faith is evidenced by her successful effort to

contact plaintiff for a statement before writing her report and the

incorporation of his responses in the Article. *See* Ex A; *see also Eastwood v.

Nat'l Enquirer*, 123 F.3d 1249, 1254 & n.10 (9th Cir. 1997) (a publisher has no

obligation to contact the subject of a statement prior to publication); *Secord v.*

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

8

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

1 *Cockburn*, 747 F. Supp. 779, 788-89 (D.D.C. 1990) ("If the caselaw is clear on

2 any point it is that an author is under no duty to divulge the contents of a

3 book prior to publication in order to provide the subject an opportunity to

4 reply").  Plaintiff's allegations in the instant complaint that not all of his

5 comments were incorporated in the Article, or were not incorporated in the

6 manner he would have preferred, therefore do not support his claims.  *Id.*

7      Because the reporting of these issues of public concern were the

8 subject of official proceedings, the Article qualifies as a good faith

9 communication subject to protection by Nevada's anti-SLAPP statute.  For

10 this reason, the claims based on the Article should be dismissed.

11    **B.**   **Plaintiff's Claims Also Fail Based on Nevada's Fair Reporting Privilege.**

12

13      While plaintiff quibbles with how some of the facts were

14 reported and his involvement was discussed, he does not dispute that the

15 Article referenced the allegations against him made in the underlying

16 federal judicial proceedings.  *See, e.g.,* Compl. ¶¶ 12, 30, 31, 44, ECF No. 1.

17 The Article reported by Ms. Thevenot, and republication by the *Review-*

18 *Journal* of allegations in the pleadings and information derived from the

19 Maryland legal proceedings are also specifically protected by Nevada's "fair

20 report privilege."  *Sahara Gaming*, 11 Nev. 212, 984 P.2d 164.

21      The fair report privilege protects "fair, accurate and impartial

22 reports" of official proceedings.  *Lubin*, 117 Nev. at 107, 17 P.3d at 427-28.

23 Plaintiff's contention (Compl. ¶29, ECF No. 1) that the RJ and Thevenot

24 defamed him by publishing the "false and defamatory statement" in the

25 federal action disregards the fact that the statements were a correct

26 recitation of the federal complaint that was identified as the source for the

27 statement.  *See* Ex. D, Maryland Complaint, ¶ 2.

28

To the extent his claims are based on his dissatisfaction with the manner in which his interview responses were incorporated into the Article, the claims nonetheless fail.  *See Eastwood*, 123 F.3d at 1254 & n.10 (recognizing publisher has no obligation to contact subject of statement prior to publication); *Secord,* 747 F. Supp. at 788-89 (reiterating author has no obligation to provide a subject the opportunity to reply).  Furthermore, plaintiff acknowledges that the Article quoted his denial of the allegations.  Compl. ¶ 30, ECF No. 1.

Plaintiff also contends that including "allegations against [him] from a primary campaign almost twenty years earlier" in the Article further defamed him.  Compl. ¶ 30, ECF No. 1.  But that reference, again, stems from the pending federal proceedings.  Ex. D ¶ 2.  And the Article was also more than fair when it also reported that "a grand jury later declined to indict [plaintiff] for the 1998 charge." *See Ex*. A.  The Article therefore provided a "fair, accurate, and impartial" account of facts disclosed in the pending federal action.  *Lubin*, 117 Nev. at 107, 17 P.3d at 427-28.

Because this Article communicating public information is legally privileged, plaintiff's claims based on the Article cannot survive.  Because the pleading deficiencies are fatal, *and* because LVRJI did not publish the Article, plaintiff's claims should be dismissed in their entirety.

### C. Irrespective of Privilege, the Complaint Fails to State Viable Claims.

Plaintiff pleads three tort claims:  defamation and intentional and negligent infliction of emotional distress.  Plaintiff alleges these claims against both LVRJI and Ms. Thevenot.  LVRJI, however, cannot as a matter of law be liable for **any** claims arising from a publication on August 24, 2014, because LVRJI was not the publisher of the Article, it purchased the *Review-Journal in* late 2015. *See* Ex. B, O'Connor Decl.  Ms. Thevenot cannot be held

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

liable for the three claims for the reason's set forth in Sections A and B, *supra,* and below.

### 1.      Defamation.

The elements of a defamation claim are:   "(1) a false and defamatory statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication [of the statement] to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 718, 57 P.3d 82, 90 (2002). Plaintiff cannot establish the first three elements because (1) the complaint on its face does not quarrel with the fact the Article accurately cited allegations in the pending Maryland complaint; (2) the communication was privileged, as discussed in Sections A and B, *supra*; and (3) other than conclusory statements, the complaint does not allege facts that place his claims beyond the reach of NRS 41.660 or the fair report privilege.

Plaintiff is also a "limited-purpose" public figure who must meet heightened standards to prevail on a claim of defamation.  *Pegasus,* 118 Nev. at 720; 57 P.3d at 90.  "A limited-purpose public figure is a person who voluntarily injects himself or is thrust into a particular public controversy or public concern, and thereby becomes a public figure for a limited range of issues.  The test for determining whether someone is a limited public figure includes examining whether a person's role in a matter of public concern is voluntary and prominent." *Id.*  Plaintiff is an attorney and a former candidate for Congressional office.  Compl. ¶7, ECF No. 1 (describing his bar membership); Compl. ¶ 30, ECF No. 1 (referencing his candidacy); Ex. A (referencing bid for seat in the U.S. House of Representatives).  Membership in a self-regulated profession is a privilege that carries with it responsibilities.  Not surprisingly, the character of legal professionals and political candidates has long been a matter of public interest.  By his chosen

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

11

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

profession and bid for public office, plaintiff willingly thrust himself into the public eye, subject to scrutiny for compliance with laws and ethical norms. *See Pegasus, supra* (holding that a restaurant owner, by virtue of operating a business that invited public participation, was a limited public figure at least for purposes of food critics).

When a plaintiff alleging defamation is a public figure, he bears the burden of establishing, by clear and convincing evidence, that the defendants acted with "actual" malice in publishing the allegedly defamatory statement – *i.e.*, with knowledge of the statement's falsity or with reckless disregard for whether it was true or false.[3] *N.Y. Times v. Sullivan*, 376 U.S. 254, 279-80 (1964); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339-48 (1974); *Nevada Independent Broadcasting Corp. v. Allen*, 99 Nev. 404, 664, P.2d 337 (1983).  Beyond the conclusory allegations that the published statements were "malicious" (e.g., Compl. ¶29, ECF No. 1), plaintiff's complaint does not allege facts that would support actual malice.  *See Pegasus*, 118 Nev. at 723, 57 P.3d at 93 ("failure to investigate alone . . . is not grounds for a finding of actual malice."); *Newton v. NBC, Inc.*, 930 F.2d 662, 685-86 (9th Cir. 1991) (omission of words that might have made statement more precise is insufficient to show actual malice); *Reliance Ins. Co. v. Barron's*, 442 F. Supp. 1341, 1352 (S.D.N.Y. 1977) (omission of information and use of uncomplimentary tone are insufficient to show actual malice). Even disregarding a source that contradicts the statement (not present here) is insufficient to establish actual malice.  *Liberty Lobby, Inc. v. Anderson*, Civ. A. No. 81-2240, 1991 WL 186998, *8 (D.D.C. May 1, 1991) ("[D]efendants' knowledge of the existence of a contradictory source, without more, does

---

[3] The clear and convincing evidence standard is a "heavy burden, far in excess of the preponderance sufficient for most civil litigation."  *Eastwood*, 123 F.3d at 1252 (internal quotation marks and citation omitted).

not constitute clear and convincing evidence of actual malice."); *Dockery v. Fla. Democratic Party*, 799 So. 2d 291, 296 (Fla. Dist. Ct. App. 2001) (omission of plaintiff's denial of allegation did not constitute actual malice).

As to damages, plaintiff is precluded from recovery of the "general" and "exemplary" damages he seeks because he failed to make the requisite statutorily-designated demand for a retraction. NRS 41.336(1). The statute limits a plaintiff to recovery of "no more than special damages" unless within 90 days after learning of the publication of the allegedly libelous statement, the plaintiff has made a demand for correction. *Id.* Such a "demand for correction shall be in writing and shall be served upon the newspaper . . . at its place of business." *Id.* (2). Despite being aware of the news article in 2014, plaintiff did not make a written demand for retraction until after August 12, *2016*, several days before filing his complaint on the day before the statute of limitations for defamation ran. Declaration of J. Keith Moyer, attached hereto as Exhibit E.

His "demand" was not served by process server and did not specify the statements claimed to be libelous. This stale "demand" does not meet the requirements of NRS 41.336(1) and is therefore invalid. The complaint confirms that plaintiff was aware of the Article at or near the time of its publication. Compl. ¶ 15, ECF No. 1("After the publication of this newspaper article . . . . Ademiluyi regularly and repeatedly sent copies of the Complaint . . ."); Comp. ¶ 16, ECF No. 1 ("Both family members, prospective clients . . . have been made aware of . . . newspaper's publication."). Thus, if plaintiff were eligible to recover, he could only recover "special damages."

Special damages are only those "damages which a plaintiff alleges and proves that the plaintiff has suffered in respect to his property, business, trade, profession or occupation, including such amounts of money

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

as the plaintiff alleges and proves that the plaintiff has expended as a result of the alleged libel or slander.  NRS 41.336.  Beyond making conclusory statements of reputational damage (*e.g.,* Compl. ¶¶ 32, 33, ECF No. 1), plaintiff has not alleged any special damages that he could recover, even if he could overcome the other fatal deficiencies in his pleading.

### 2. Intentional and Negligent Infliction of Emotional Distress.

The elements of a claim of intentional infliction of emotional distress are:  "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation."  *Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 378, 989 P.2d 882, 886 (1999) (quoting *Star v. Rabello*, 97 Nev. 124, 125, 625 P.2d 90, 92 (1981) (citation omitted)).  The elements of a claim of negligent infliction of emotional distress are similar:  (1) a duty of care; (2) breach of that duty; and (3) the breach was the legal cause of (4) serious emotional distress.  *Hodges v. Fazekas, M.D.*, No. 10A630398, 2013 WL 10776359 *3 (2013).  For negligent infliction claims, Nevada also requires a physical manifestation of injury (*i.e.*, physical injury) resulting from the emotional distress to recover.  *Id.* (citing *Bartmettler v. Reno Air, Inc.*, 114 Nev. 441, 956 P.2d 1382 (1996)).  Plaintiff complaint does not plausibly allege injury from emotional distress.

Plaintiff's principal allegation against LVRJI and Thevenot is the publication of an article referencing allegations made against him in a pending judicial proceeding.  Notwithstanding her lack of obligation to do so, Ms. Thevenot gave him an opportunity to comment and fairly included his comments in the published Article.  Ex. A.  This conduct is far from being "extreme and outrageous."  *See Dillards* at 379, 989 P.2d at 886 (finding

14

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

1  this element satisfied by employer's conduct in demoting a long-time

2  manager to an entry-level position with a drastic pay cut in response to her

3  filing a workman's compensation claim).  Plaintiff has not alleged that either

4  LVRJI or Ms. Thevenot owed him any duty or that a duty was breached in

5  publishing the Article.

6       Plaintiff also has failed to establish a causal connection between

7  his alleged emotional distress and the newspaper defendants' conduct.

8  Plaintiff's damage claims against all four defendants, including the alleged

9  victim who filed the Maryland federal complaint and the alleged Jane Doe

10  victim, are virtually identical and conclusory.  *Compare*, Compl. ¶ 32, ECF

11  No. 1 (alleging damage due to LVRJI conduct), *with* ¶ 24 (alleging identical

12  damage by Defendant Ademiluyi's substantially different conduct).  Such

13  conclusory and formulaic recitations of the elements of a claim are precisely

14  the type of non-specific allegations that cannot survive under *Twombly*, 550

15  U.S. at 555-56.

16  **V.    CONCLUSION**

17       The complaint is full of conclusory allegations that appear to

18  have been made in retaliation or to extort a settlement from the Las Vegas

19  newspaper defendants or both.  It is exactly the type of complaint that anti-

20  SLAPP legislation was enacted to nip in the bud.  Because the publication of

21  the Article was privileged and the LVRJI was not the publisher of the

22  Article, the complaint should be dismissed in its entirety.

23                    MORRIS LAW GROUP

24                    By:  /s/ STEVE MORRIS
25                         Steve Morris, Bar No. 1543
                           Rosa Solis-Rainey, Bar No. 7921
26                         900 Bank of America Plaza
                           300 South Fourth Street
27                         Las Vegas, Nevada  89101

28                    Attorneys for Defendants
                      Las Vegas Review Journal, Inc. and Carri
                      Geer Thevenot

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS LAW GROUP, and that the following documents were served via electronic service:  **LAS VEGAS REVIEW JOURNAL, INC. AND CARRI GEER THEVENOT'S MOTION TO DISMISS PURSUANT TO NRS 41.637, NEVADA'S ANTI-SLAPP PROVISIONS AND ALTERNATIVELY, PURSUANT TO FED. R. CIV. P. 12(b)(6)** TO:

N/A

I further certify that I am familiar with the firm's practice of collection and processing documents for mailing; that in accordance therewith, I caused the above-entitled document to be deposited with the U.S. Postal Service at Las Vegas, Nevada, in a sealed envelope, with first class postage prepaid, on the date and to the addressee(s) shown below:

Herbert Moriera Brown
305 Broadway, Suite 805
New York, New York 10007
Email:  Moreirabrownh@aol.com

DATED this 22nd day of November, 2016.

By: /s/ PATRICIA FERRUGIA

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

16