**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HERBERT MOREIRA-BROWN, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> LAS VEGAS REVIEW JOURNAL, et al., ) <br> ) <br> Defendants. ) | Case No. 2:16-cv-02002-JAD-NJK <br><br> ORDER <br><br> (Docket Nos. 21, 22) |

    Pending before the Court are Plaintiff's motion for service by the U.S. Marshal and his motion to extend time regarding discovery/nondispositive matter. Docket Nos. 21, 22. Plaintiff commenced this action on August 23, 2016. Docket No. 1. On December 8, 2016, the Clerk's Office filed a notice of intent to dismiss pursuant to Federal Rule of Civil Procedure 4(m) because Plaintiff had not served Defendant Ademiluyi. Docket No. 12. On December 27, 2016, Plaintiff filed a motion for service by the U.S. Marshal. Docket No. 15. The Court denied that motion without prejudice for failure to include points and authorities. Docket No. 18. On January 9, 2017, Plaintiff filed a proof of service as to Defendant Ademiluyi. Docket No. 20. Plaintiff now asks the Court to deem service effective or, in the alternative, to extend the time to effectuate service and order the U.S. Marshal to serve Defendant Ademiluyi. *See, e.g.*, Docket No. 21 at 7.

    The Court declines to address the efficacy of Plaintiff's service. Nothing in this order shall be read as a determination regarding whether service on Defendant Ademiluyi was complete and/or

proper. Next, Plaintiff asks the Court to extend time to complete service of process. Docket No. 22 at 7-8. Fed. R. Civ. P. 4(m) provides,

> (m) *Time Limit for Service.* If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

The Court's discretion to extend time for service is broad. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The Court will therefore extend the Rule 4(m) deadline to January 9, 2017. Plaintiff's request for the U.S. Marshal to effectuate service is moot because Plaintiff has already filed a proof of service as to Defendant Ademiluyi on the docket. Docket No. 20.

Accordingly, Plaintiff's motion to extend time regarding discovery/nondispositive matter, Docket No. 22, is hereby **GRANTED in part and DENIED in part**. Plaintiff's motion for service by the U.S. Marshal, Docket No. 21, is hereby **DENIED** as moot.

The Court **GRANTS** Plaintiff's request to extend the Rule 4(m) dismissal deadline. The deadline is extended to January 9, 2017. The Court **DENIES** Plaintiff's request to deem his service on Defendant Ademiluyi proper and complete.

IT IS SO ORDERED.

Dated: February 7, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge