# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Herbert Moreira-Brown, <br>    Plaintiff <br> v. <br> Las Vegas Review Journal, Inc., et al., <br>    Defendants | 2:16-cv-02002-JAD-NJK <br><br> **Order** <br><br> [ECF No. 37, 41] |

After defendant April Ademiluyi filed a motion to dismiss[1] pro se plaintiff Herbert Moreira-Brown's claims against her for lack of personal jurisdiction, Brown moved to extend his deadline for response[2] and for a default judgment against Ademiluyi.[3]

Brown claims that he needs extra time to prepare an appropriate opposition to Ademiluyi's motion to dismiss and a cross-motion because he's currently preparing "to try a criminal matter" in New York. Good cause appearing, I grant Brown's request for an extension[4] of his deadline to respond to Ademiluyi's motion to dismiss. He must file his opposition by March 31, 2017.

Brown also asks me to enter a default judgment against Ademiluyi because she had agreed to respond to his complaint by February 7, 2017, but she failed to do so.[5] Rule 55(a) of the Federal Rules of Civil Procedure directs the clerk of court to enter a default against a party who "has failed to plead or otherwise defend." Although Ademiluyi's response may be late, it

---

[1] ECF No. 34.

[2] ECF No. 37.

[3] ECF No. 41.

[4] ECF No. 37.

[5] ECF No. 41.

has been filed, so Ademiluyi is not in default—she has appeared and is defending herself from Brown's claims by moving to dismiss the claims against her based on a claim that this court lacks personal jurisdiction over her.[6]  Accordingly, Brown's motion for a default judgment is denied.[7]

IT IS THEREFORE ORDERED that **plaintiff's motion for extension of time [ECF No. 37] is GRANTED**; his response to Ademiluyi's motion to dismiss [ECF No. 34] is extended to **March 31, 2017**.

IT IS FURTHER ORDERED that **plaintiff's motion for default judgment [ECF No. 41] is** DENIED.

DATED: March 8, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[6] ECF No. 41.

[7] Had Brown filed his motion before Ademiluyi filed her motion to dismiss, the proper motion for Brown would have been one for the clerk to enter default under FRCP 55(a), not one for this court to enter default judgment under FRCP 55(b).  In addition to waiting too long to file his motion, Brown skipped the FRCP 55(a) default step.